BLANK ROME, LLP
Attorneys for Plaintiff
SARGEANT MARINE, INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARGEANT MARINE, INC.,

    Plaintiff,

-against-

MAROIL, INC., MAROIL TRADING, INC.,
SEA PIONEER SHIPPING CORP.,

    Defendants.

07 Civ. 10583 (JSR)

**ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT
AND GARNISHMENT**

---

### EXPARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on November 26, 2007, Plaintiff, SARGEANT MARINE, INC., filed a Verified Complaint herein for damages amounting to <u>US$1,891,723.47</u>, inclusive of interest, costs and reasonable attorney's fees, and praying for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and,

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and,

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby,

678590.00601/6592964v.1

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue to the garnishees named in Schedule A hereto, against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendants, whether to or from the garnishee banks or any other electronic fund transfers, in an amount of up to <u>US$1,891,723.47</u>, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further,

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail and, it is further,

**ORDERED**, that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day and, it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and, it is further,

**ORDERED,** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated:  November 26 2007

SO ORDERED:

*John F. Keenan*
U.S.D.J.
Part I

## **SCHEDULE A**

1. ABN Amro Bank N.V.
2. American Express Bank Ltd.
3. Bank of America, N.A.
4. The Bank of New York
5. Citibank, N.A.
6. HSBC Bank USA
7. JP Morgan Chase Bank, N.A.
8. Standard Chartered Bank
9. Wachovia Bank, N.A. – New York
10. Wells Fargo Bank, National Association